USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/18/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
UNITED STATES OF AMERICA

    -v-                                                   21-CR-681 (02) (NSR)

QUADRI SALAHUDDIN,                      ORDER

                    Defendant.
-------------------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge:

On May 16, 2023, the Court held an in-person hearing pursuant to *Faretta v. California*, 422 U.S. 806 (1975), for Defendant Quadri Salahuddin, who was present with CJA attorneys Richard Willstatter and Emilee Sahli. As explained below, the Court grants Defendant's request to waive his right to counsel and represent himself *pro se* and appoints new counsel to serve as "standby" counsel.

The Sixth Amendment guarantees a criminal defendant the right to self-representation. *Id.* at 818–21. For a defendant to exercise his constitutional right to proceed pro se and waive counsel, the trial court must determine that the defendant is competent and that the waiver is made voluntarily, as well as "knowingly and intelligently." *Id.* at 835–36 (citation omitted); *see United States v. Culbertson*, 670 F.3d 183, 193 (2d Cir. 2012); *United States v. Fore*, 169 F.3d 104, 108 (2d Cir. 1999).

During the *Faretta* hearing, the Court (a) observed the Defendant's behavior, demeanor, and history; (b) verified that he is able to understand, speak, read, and write English and that he understands the charges against him; and (c) explained to him and confirmed his understanding of his right to counsel and the ramifications of waiving that right to represent himself in this matter.

When asked about his educational background, Defendant represented to the Court that he received an associate degree in Business Administration from Monroe College.

Defendant stated that he had no familiarity with the Federal Rules of Criminal Procedure or the Federal Rules of Evidence, but he expressly acknowledged that his lack of familiarity with these procedural rules would not relieve him of his obligation to follow them.

The Court determines that the Defendant (1) understands the nature of the proceedings and has the ability to consult with counsel and assist counsel in preparing a defense and is therefore competent to stand trial; (2) understands that he has the right to an attorney throughout these proceedings, (3) has the mental capacity to conduct trial proceedings by himself, put on his own defense at trial, and is therefore competent to waive his right to counsel, and (4) clearly and unequivocally waives his right to counsel knowingly, intelligently, and voluntarily.

Accordingly, the Court grants Defendant's request to proceed *pro se*, that is, to represent himself in this criminal case from this day on, relieves current CJA attorneys Richard Willstatter, Esq., and Emilee Sahli, Esq., of their appointments, and appoints Margaret Shalley, Esq., as "standby" CJA counsel. The Court reiterates to Mr. Salahuddin that as he represents himself, he is required to comport with courtroom protocols and procedure, including the Federal Rules of Criminal Procedure and the Federal Rules of Evidence.

The Court directs standby CJA counsel to (i) familiarize herself, on an ongoing basis, with the discovery, court proceedings and determinations, and other related developments throughout the litigation; and (ii) be prepared to provide assistance to *pro se* Defendant and take over the defense should the need arise.

Defendant's prior attorneys, Richard Willstatter, Esq., and Emilee Sahli, Esq., are directed to turn over their case file to standby CJA counsel, Margaret Shalley, Esq.

3

Standby CJA counsel is further directed to mail a copy of this order to *pro se* Defendant and to file proof of service on the docket.

Dated: May 18, 2023
White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge

3