```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 05/07/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA, EX REL
BRENDA SALAHUDDIN ON BEHALF OF
QUADRI SALAHUDDIN,

                          Petitioner,

-against-

ROLAND L. DAVIS, D/B/A/ UNITED
STATES MARSHAL SERVICE, et al.,

                          Respondents.

UNITED STATES OF AMERICA, EX REL
BRENDA SALAHUDDIN ON BEHALF OF
ANWAR SALAHUDDIN,

                          Petitioner,

-against-

ROLAND L. DAVIS, D/B/A/ UNITED
STATES MARSHAL SERVICE, et al.,

                          Respondents.

7:25-CV-3215 (NSR)
7:21-CR-0681-02 (NSR)

7:25-CV-3216 (NSR)
7:21-CV-0681-03 (NSR)

ORDER OF DISMISSAL

NELSON S. ROMÁN, United States District Judge:

      The Court consolidates these *habeas corpus* civil actions solely for the purposes of this order. Brenda Salahuddin ("Brenda"), who appears *pro se* and does not seem to be in custody, challenges the convictions and sentences of her sons, Quadri and Anwar Salahuddin ("Quadri" and "Anwar," respectively), who were defendants in a criminal action presided over by the undersigned, known as *United States v. Salahuddin*, 7:21-CR-0681.[1] Brenda has filed what she

---

[1] Pursuant to a criminal judgment dated and entered on April 7, 2025, and following an earlier jury trial, Quadri was found guilty of the following offenses: (1) conspiracy to commit wire fraud, under 18 U.S.C. § 1349; (2) wire fraud, under 18 U.S.C. §§ 2 and 1343; and (3) aggravated identity theft, under 18 U.S.C. §§ 2 and 1028A(a)(1). (ECF 7:21-CR-0681, 302.) The Court sentenced Quadri to an aggregate prison term of 116 months, to be followed by an

styles as petitions for writs of *habeas corpus* on behalf of Anwar and Quadri, in which she seeks their immediate release, the "return" of their photographs and fingerprints to them, the "expungement" of the records of their criminal matters, and "complete restitution" for them.[2] (ECF 7:25-CV-3215, 1, at 13-14; ECF 7:25-CV-3216, 1, at 11-12.) In addition to the petitions, Brenda has also filed, in each of these two *habeas corpus* civil actions, what appear to be applications seeking immediate relief in which she seeks: (1) hearings "to produce" Anwar and Quadri; (2) warrants of attainder for the officials who are the custodians of them while they are in custody; (3) vacatur of the warrants used to detain them; (4) dismissal of all charges brought against them; (5) vacatur of the federal criminal action brought against them; (6) their release; and (7) that they "be put on the do not stop and do not detain list." (ECF 7:25-CV-3215, 4, at 1-2; ECF 7: 25-CV-3216, 4, at 1-2.)

The Court construes Brenda's claims for relief, in which she challenges Anwar and Quadri's convictions and sentences on their behalf, as claims for relief under 28 U.S.C. § 2255, asserted in a "next friend" capacity. The Court also construes Brenda's claims for other relief raised on behalf of Anwar and Quadri as claims for relief under *Bivens v. Six Unknown Named*

---

aggregate supervised-release term of three years. (Id.) While Quadri did not file a notice of appeal following the entry of that judgment, he did file a notice of appeal earlier, on March 26, 2025 (ECF 7:21-CR-0681, 296), following entry of the Court's March 26, 2025 Preliminary Order of Forfeiture/Money Judgment (ECF 7:21-CR-0681, 292) and its March 26, 2025 Order of Restitution (ECF 7:21-CR-0681, 293). That appeal is pending. *United States v. Salahuddin*, No. 25-777 (2d Cir.).

Pursuant to another criminal judgment dated April 7, 2025, and entered the next day, and following a jury trial, Anwar was convicted of the same of types of offenses as Quadri; the Court sentenced Anwar to an aggregate prison term of 100 months, to be followed by an aggregate supervised-release term of three years. (ECF 1:21-CR-0681, 303.) Anwar filed a notice of appeal on April 9, 2025. (ECF 1:21-CR-0681, 306.) While it appears that Anwar's appeal is also pending, it does not appear that the United States Court of Appeals for the Second Circuit has assigned that appeal a docket number yet.

[2] Brenda has paid the filing fees to bring these two *habeas corpus* civil actions.

2

*Agents*, 403 U.S. 388 (1971) and/or 42 U.S.C. § 1983, raised on their behalf. For the reasons discussed below, however, the Court denies and dismisses all of the claims for relief that Brenda seeks on behalf of Anwar and Quadri without prejudice.

## DISCUSSION

### A.    Claims that challenge Anwar and Quadri's convictions and sentences

To the extent that Brenda challenges Anwar and Quadri's convictions and sentences that were issued in the abovementioned criminal action, and does so on Anwar and Quadri's behalf, the Court construes such claims as seeking relief under Section 2255, brought by Brenda, on behalf of Anwar and Quadri, in a "next friend" capacity. Under 28 U.S.C. § 2242, a *habeas corpus* petition may be brought by a person on the behalf of another person who is in custody. When a *habeas corpus* petition:

> is brought by a person other than the one seeking relief, the "next friend" must first demonstrate that he or she has standing to act on the person's behalf. "First a 'next friend' must provide an adequate explanation – such as inaccessibility, mental incompetence, or other disability – why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the 'next friend' must be truly dedicated to the best interests of the person on whose behalf he [or she] seeks to litigate, and it has been further suggested that a 'next friend' must have some significant relationship with the real party in interest."

*Banks as next friend to Guzman v. United States ("Banks")*, No. 1:19-CV-8302 (CM), 2019 WL 13545209, at *1 (S.D.N.Y. Sept. 24, 2019) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990) (alteration in original)). "The burden is on the 'next friend' to establish the propriety of his [or her] status and thereby justify the jurisdiction of the court." *Whitmore*, 495 U.S. at 164. "The requirement that the 'next friend' act in the prisoner's best interests is critical: because the opportunity to seek habeas corpus relief is limited, the 'next friend,' in aiding the prisoner, may also be exhausting the prisoner's rights." *Nelson v. Thompson*, No. 14-CV-3414, 2014 WL 3882322, at *2 (E.D.N.Y. Aug. 7, 2014). In *Banks*, the court denied a Section 2255 motion

without prejudice because the purported "next friend" did "not offer[] any explanation as to why [the convicted criminal defendant in custody was] incapable of asserting his own rights," noting that the criminal defendant had been found guilty after a trial and had been represented by counsel. *Banks*, 2019 WL 13545209, at *1. The court held that, because the "next friend" did "not explain the necessity of resorting to the 'next friend' device, [the "next friend" did] not have standing to bring" the Section 2255 motion on behalf of the criminal defendant. *Id.* It denied the Section 2255 motion without prejudice to any Section 2255 motion the criminal defendant, whose criminal action was then being appealed, may file after his appeal was completed. *Id.*

While Brenda, as Anwar's and Quadri's mother, obviously has a significant relationship with both of them, she alleges nothing in either her purported *habeas corpus* petitions filed on their behalf, or in her applications for immediate relief filed on their behalf, suggesting: (1) that there is a legitimate explanation as to why Anwar and Quadri cannot seek relief from their respective convictions and sentences on their own; and (2) that she has their best interests in seeking such relief on their behalf. Thus, to the extent that Brenda seeks Section 2255 relief on behalf of Anwar and Quadri, under a "next friend" device, the Court denies such relief without prejudice, due to Brenda's lack of standing to seek such relief.[3]

---

[3] Because of the Antiterrorism and Effective Death Penalty Act's ("AEDPA") limitations on second or successive Section 2255 motions, *see* 28 U.S.C. §§ 2244(b), 2255(h), a federal district court must normally notify a litigant of its intent to recharacterized his or her submission as a Section 2255 motion and offer the litigant an opportunity to withdraw that submission, *see Castro v. United States*, 540 U.S. 375, 383 (2003); *Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998). This notification requirement is based on a concern that "[a] prisoner convicted pursuant to unconstitutional proceedings might lose the right to have a single [Section 2255 motion] adjudicated, solely by reason of a district court's having incorrectly recharacterized some prior motion as one brought under [Section] 2255." *Adams*, 155 F.3d at 584. Here, however, giving Brenda, Anwar, or Quadri notice and granting any of them an opportunity to withdraw is unnecessary because denial of Section 2255 relief without prejudice does not trigger the AEDPA's restrictions on second or successive Section 2255 motions. *See Slack v. McDaniel*, 529 U.S. 473, 489 (2000); *Villanueva v. United States*, 346 F.3d 55, 60 (2d Cir. 2003).

B.  **Claims for other relief**

To the extent that Brenda seeks other relief *pro se* on behalf of Anwar and Quadri, including "compensation," the Court construes Benda's submissions as seeking relief under *Bivens* and/or Section 1983. The statute governing non-*habeas corpus*-associated appearances in federal court, 28 U.S.C. § 1654, "allow[s] two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself [or herself].'" *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (quoting *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)). A nonlawyer cannot bring a non-*habeas corpus* suit on behalf of another person. *See United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998).

Brenda does not allege that she is an attorney. Accordingly, she cannot assert claims on behalf of Anwar and Quadri for any non-*habeas corpus*-associated relief *pro se*, such as claims for relief under *Bivens* and/or Section 1983. The Court therefore also dismisses Brenda's claims for such relief that she asserts on behalf of Anwar and Quadri without prejudice.

C.  **Warning**

The Court hereby warns Brenda that, if she continues to inappropriately bring *pro se* litigation in this court on behalf of others, the court may issue an order barring her from filing any new civil action in this court *pro se* without first obtaining leave of the court. *See* 28 U.S.C. § 1651.

## CONCLUSION

The Court consolidates these *habeas corpus* civil actions solely for the purposes of this order. The Court dismisses these actions without prejudice.

To the extent that Brenda seeks relief in both of these civil actions *pro se*, on behalf of her sons Anwar and Quadri, that challenges her sons' convictions and sentences in this court, the Court construes such relief as sought under 28 U.S.C. § 2255, and denies that relief without prejudice. To the extent that Brenda seeks other relief in these civil actions *pro se*, on behalf of her sons Anwar and Quadri, the Court construes such relief as sought under *Bivens* and/or 42 U.S.C. § 1983, and also denies that relief without prejudice. Accordingly, the Court denies any applications for immediate relief that Brenda has filed in these civil actions on behalf of Anwar and Quadri without prejudice.

The Court warns Brenda that, if she continues to inappropriately bring *pro se* litigation in this court on behalf of others, the court may issue an order barring her from filing any new civil action in this court *pro se* without first obtaining leave of the court. *See* 28 U.S.C. § 1651.

Because Brenda's claims for relief under Section 2255 makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter a judgment dismissing these civil actions for the reasons set forth in this order.

SO ORDERED.

Dated:   May 7, 2025
         White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge